**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

In re:

LEONOR DOMINGUEZ

               Debtor.

FIRST AMERICAN TITLE INSURANCE
COMPANY,

               Plaintiff,

v.

LEONOR DOMINGUEZ,

               Defendant.

Chapter 7

Case No. 15-19157-JKS

Adversary Proc. No. _____

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Leonor Dominguez ("Defendant"), pleads as follows in response to Plaintiff,

First American Title Insurance Company ("Plaintiff") Complaint:

## JURISDICTION AND VENUE

1.  Admit.

2.  Admit.

3.  Admit.

4.  Defendant does not have knowledge or information sufficient to form a belief as to the

    truth of the allegation of this paragraph and therefore denies.

5.  Admit.

6.  Admit.

## BACKGROUND

7. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

8. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

9. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

10. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

## FIRST AMERICAN DISCOVERS WRONGDOING AT CRYSTAL TITLE AND TERMINATES THE AGENCY

11. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

12. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

13. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

14. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

## SEBIA ADMITS THAT HE MISAPPROPRIATED MILLIONS OF DOLLARS OF SETTLEMENT TRUST FUNDS

15. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

16.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

17.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

## FIRST AMERICAN INITIATES AN ACTION AGAINST CRYSTAL TITLE AND SEBIA IN NEW JERSEY

18.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

19.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

20.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

21.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

## FIRST AMERICAN DISCOVERS THAT DOMINGUEZ OBTAINED IMPROPER PAYMENTS FROM CRYSTAL TITLE

22.  Deny.

23.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

24.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore denies.

25.  Deny.

26.  Deny.

27.  Deny.

28.   Deny.

## FIRST AMERICAN SUSTAINS SUBSTANTIAL LOSSES AS A RESULT OF THE MISAPPROPRIATIONS

29.   Defendant does not have knowledge or information sufficient to form a belief as to the

truth of the allegation of this paragraph and therefore denies.

30.   Deny.

## FIRST AMERICAN INITIATES PROCEEDINGS AGAINST DOMINGUEZ, CASTRO AND COUNTRY WIDE

31.   Admit to the extent Plaintiff initiated an action against Dominguez, Castro and

Country Wide in the Superior Court of New Jersey, Middlesex County. Deny the

remainder of allegations within this paragraph.

32.   Admit.

33.   Defendant does not have knowledge or information sufficient to form a belief as to the

truth of the allegation of this paragraph and therefore denies.

## COUNT I – THE LOSSES ARE NOT DISCHARGEABLE PURSUANT TO SECTION 523(a)(2)(A)

34.   The responses of paragraphs 1-33 contained within this Answer are incorporated

herein by reference.

35.   Defendant does not have knowledge or information sufficient to form a belief as to the

truth of the allegation of this paragraph and therefore denies.

36.   Deny.

37.   Deny.

38.   Deny.

39.   Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint fails, in whole or in part, because Defendant owes no fiduciary duty to Plaintiff.

### Third Affirmative Defense

The Complaint fails, in whole or in part, because Plaintiff's damages, if any, were proximately caused by the acts or omissions of others over whom Defendant had no control or right to control.

### Fourth Affirmative Defense

The Complaint fails, in whole or in part, by application of N.J.S.A. 25:2-30(a) which provides a transfer or obligation is not voidable against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee.

### Fifth Affirmative Defense

Plaintiff lacks standing to assert a claim against Defendant for unjust enrichment resulting from violations of the Real Estate Settlement Procedure Act (RESPA). RESPA authorizes suits only by individuals who receive a loan that is accompanied by an unlawful referral or kickback. See Alston v. Countrywide Financial Corp., 585 F.3d 753, 763 (3rd Cir. 2009).

### Sixth Affirmative Defense

The Complaint fails, in whole or in part, because the transfers received by Defendant from Crystal Title was for valuable consideration.

### Seventh Affirmative Defense

Defendant are not liable under a civil conspiracy theory because (1) there was no agreement with the Defendant and Crystal Title and/or Robert Sebia to commit an unlawful act, and (2) Defendant lacked all knowledge of Robert Sebia and Crystal Title's fraudulent scheme.

### Eighth Affirmative Defense

Defendant are not liable for aiding and abetting because there is no proof that a wrongful act has occurred.

### Ninth Affirmative Defense

Defendant are not liable for aiding and abetting because they did not knowingly assist or participate in any way with Crystal Title and/or Robert Sebia's business or alleged conduct.

### Tenth Affirmative Defense

While denying any fault with respect to the subject matter of the Complaint, Defendant states that insofar as fault on its part may be found, damages should be limited according to N.J.S.A. 25:2-29 and 25:2-30(c).

### Eleventh Affirmative Defense

Plaintiff's RESPA claim is barred by the one (1) year statute of limitations provided by 12 U.S.C.A. § 2614.

### Twelfth Affirmative Defense

The Defendant has not breached, materially or otherwise, any agreement or contract with Plaintiff, either expressed or implied and or any duty allegedly owed to the Plaintiff.

**Thirteenth Affirmative Defense**

The Plaintiff is barred from recovery on the grounds of waiver, estoppel, or ratification

due to their own acts or omissions or the acts or omissions of third parties over whom Defendant

had no control.

**Fourteenth Affirmative Defense**

Plaintiff is barred in this action because any and all losses or damages, if any, sustained

by the Plaintiff were the result of the Plaintiff's actions or omissions or the actions or omissions

of third parties over whom Defendant had no control.

**Fifteenth Affirmative Defense**

Plaintiff is barred from recovery in this action because any and all losses or damages, if

any, sustained by the Plaintiff were the result of Plaintiff's own contributory negligence which

was greater than the combined claimed negligence of the parties against whom recovery is

sought.

**Sixteenth Affirmative Defense**

The Complaint is frivolous because it lacks any supporting legal argument or factual

basis for the claims.

WHEREFORE, Defendant demands entry of judgment in favor and against Plaintiff

dismissing the Complaint with prejudice and awarding Defendant attorneys' fees, costs of

defending this suit, and such other further relief as the Court deems just and proper.

Respectfully submitted this 15th day of September, 2015.

/s/ Paul I. Perkins

Paul I. Perkins, Esq.
Perkins & Associates, P.C.
5 Monitor Street
Jersey City, New Jersey 07304
Tel: (201) 942-4470
Fax: (201) 455-6359
Email: pip@pafirm.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

In re:

LEONOR DOMINGUEZ

                Debtor.

FIRST AMERICAN TITLE INSURANCE
COMPANY,

                Plaintiff,

v.

LEONOR DOMINGUEZ,

                Defendant.

Chapter 7

Case No. 15-19157-JKS

Adversary Proc. No. _____

**CERTIFICATION OF SERVICE**

1. I, PAUL I. PERKINS represent the Defendant, Leonor Dominguez in the above
   captioned matter.

2. I hereby certify that, on September 15, 2015, I served a copy of the Defendant's Answer
   to Plaintiff's counsel listed below via the Court's ECF system.

> R. James Kravitz, Esq.
> Fox Rothschild, LLP
> Princeton Pike Corporate Center
> 997 Lenox Drive, Building 3
> Lawrenceville, New Jersey 08648-2311

Dated: September 15th, 2015

                /s/ Paul I. Perkins

                Paul I. Perkins, Esq.
                Perkins & Associates, P.C.
                5 Monitor Street
                Jersey City, New Jersey 07304
                *Attorney for Defendant*